IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**UNITED STATES OF AMERICA**

v.                                                    **CRIMINAL NO. 3:08cr107-DPJ-LRA**

**FRANK E. MELTON**
**MICHAEL RECIO**
**MARCUS WRIGHT**

## ORDER

This criminal matter is first before the Court on Defendant Michael Recio's Motion to Dismiss [68]. The Court, having fully considered the parties' submissions and the applicable law, finds that the motion should be denied. In addition, there is a pending motion to sever filed by Defendant Recio, for which the Court finds that the Government must produce certain statements for in camera inspection pursuant to Federal Rule of Criminal Procedure 14(b).

**I.     Facts/Procedural History**

On July 9, 2008, a Grand Jury for the Southern District of Mississippi returned a three count Indictment against the Defendants charging each with violating 18 U.S.C. §§ 241, 242, and 924(c). The Indictment alleges that on August 26, 2006, Defendants, aided and abetted by others, "destroy[ed] the home, and the contents of the home, at 1305 Ridgeway Street in Jackson, Mississippi." Indictment ¶ 12. Defendants are charged with conspiring to violate, and with violating, the rights of the home's owner and tenant to be free from unreasonable searches and seizures by those acting under color of law, and with violating a federal firearm statute. As to Defendant Recio, the Indictment alleges his involvement in the conspiracy and further states that he "stood guard while the home . . . and its contents were destroyed." *Id*. ¶ 13.

**II.     Analysis**

    A.     <u>Motion to Dismiss</u>

Recio appears to raise two primary issues in his motion to dismiss: 1) whether the indictment is sufficient; and 2) whether the Government can charge him with a felony. The Government has responded in opposition; Defendant filed no reply and the deadline to do so has now passed. The Court must reject both contentions.

        1.     Sufficiency of Indictment

The scope of Defendant Recio's attack on the sufficiency of the indictment is not entirely clear, and he filed no supporting memorandum. He first states in his motion that "on the face of the indictment there is no felony adequately charged against" him. Motion ¶ 3.

> It is well settled that an indictment must set forth the offense with sufficient clarity and certainty to apprise the accused of the crime with which he is charged. The test for sufficiency is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimum constitutional standards.

*United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004) (citations and quotations omitted). The minimum constitutional standards are twofold: "[F]irst, that [the indictment] contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, that it enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Resendiz-Ponce*, 127 S. Ct. 782, 787-88 (2007) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)). Finally, "an indictment does not have to set out evidence or details of how a crime was committed as long as it gives the defendant notice of what the government is charging." *Id.* at 759.

Defendant Recio does not seem to contest the constitutional validity of the indictment. Instead, Defendant Recio appears to argue that his participation was insufficient to violate 18 U.S.C. §§ 241, 242 or 924(c).  A motion to dismiss an indictment for failure to state an offense is a challenge to the sufficiency of the indictment.  *Kay*, 359 F.3d at 742 (citations omitted).  When reviewing such a motion, the Court must "take the allegations of the indictment as true and . . . determine whether an offense has been stated."  *Id.*; *United States v. Crow*, 164 F.3d 229, 234 (5th Cir. 1999).  "It must be remembered that in testing the sufficiency of an indictment, a court must not pierce the pleadings and make a premature resolution of the merits of the allegations." *United States v. Cadillac Overall Supply Co.*, 568 F.2d 1078, 1082 (5th Cir. 1978).

The Indictment in this case is sufficient to state an offense.  First, the Indictment is constitutionally valid and adequately states charges under the relevant sections.  *See Resendiz-Ponce*, 127 S. Ct. at 787-88.  Second, "[a] party to a conspiracy may be held responsible for a substantive offense committed by a coconspirator in furtherance of a conspiracy, even if that party does not participate in or have any knowledge of the substantive offense."  *See United States v. Jensen*, 41 F.3d 946, 955-56 (5th Cir. 1994).  Finally, the Indictment alleges collective overt acts as to all co-conspirators, and individual overt acts as to Recio, all in furtherance of the charged offenses.  The Court finds that the allegations of the Indictment are sufficient to state an offense and withstand the motion to dismiss.

   2.  Whether the Government Can Charge Defendant Recio with a Felony

Recio asserts that the most the Government can charge him with is a misdemeanor because the injuries were "diminimus."  Motion to Dismiss ¶ 4.  Recio cites 18 U.S.C. § 242 in support of this argument, but the text of that section does not support his contention.  Although

the statute does provide a term of incarceration of less than one year for certain conduct, it also states that "if such acts include the use, attempted use, or threatened use of a dangerous weapon," then the term of incarceration shall be no more than ten years.  18 U.S.C. § 242.  In this case, the Government alleges the use of more than one dangerous weapon.  The Court must, at this stage, accept that allegation as true and therefore deny this portion of Defendant's motion.

  B. <u>Motion to Sever</u>

Defendant Recio has also moved to sever his trial from that of Defendant Melton.  The severance motion is still in the briefing stage and is set for hearing November 10, 2008.  Among his arguments, Defendant Recio contends that out-of-court statements offered against Defendant Melton would prejudice his case and violate his Sixth Amendment right of confrontation.  *See Bruton v. United States*, 391 U.S. 123 (1968).  The Government has indicated that it intends to use various purported admissions from Defendant Melton, but claims that they would not offend *Bruton*.

Federal Rule of Criminal Procedure 14(b) states: "Before ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence."  In this case, the Court must see the proffered statements before it can fully evaluate whether they violate *Bruton* and its progeny.  *See, e.g., Gray v. Maryland,* 523 U.S. 185, 188 (1998).  Accordingly, the Government is ordered to produce the statements for in camera inspection no later than November 7, 2008.

IT IS, THEREFORE, ORDERED that Defendant Michael Recio's Motion to Dismiss [68] is denied.

IT IS FURTHER ORDERED that the Government shall produce all co-defendant statements it intends to introduce at trial for in camera inspection no later than November 7, 2008.

**SO ORDERED AND ADJUDGED** this the 30th day of October, 2008.

                                         s/ *Daniel P. Jordan III*
                                         UNITED STATES DISTRICT JUDGE