UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA

V.                                                    CRIMINAL NO. 3:08cr107-DPJ-LRA

FRANK E. MELTON, MICHAEL RECIO,
AND MARCUS WRIGHT

ORDER

This criminal action is before the Court on the following evidentiary motions: (1) the

Government's Motion In Limine to Exclude Evidence of Defendants' Good Conduct [56] and (2)

Government's Motion In Limine to Exclude Reference to Defendants' State Court Acquittal

[57].  Defendant Frank E. Melton responded in opposition to both motions, but Defendant

Michael Recio filed no responses.  The Court, having fully considered the parties' submissions

and the applicable law, finds as follows:[1]

I.      Facts/Procedural History

Defendants are charged with "destroying the home, and the contents of the home, at 1305

Ridgeway Street in Jackson, Mississippi" in violation of 18 U.S.C. §§ 241 and 242.  They also

face charges under 18 U.S.C. § 924(c) for allegedly using a firearm in furtherance of these

offenses.

II.     Analysis

        A.      Motion Regarding Good Acts

The Government moves to exclude evidence of Defendants' specific instances of good

---

[1]Given the nature of the issues and the lack of related factual disputes, the Court finds that
a hearing on these motions is not required.  The remaining motions are still set for hearing
November 10, 2008.

conduct, including evidence of awards, commendations, or recognition they have received as police officers or public officials.  The Government's motion should be granted.

Evidence of an accused's "pertinent trait of character" is admissible pursuant to Rule 404(a) of the Federal Rules of Evidence.[2]  When admissible, a defendant may prove the pertinent trait of character through reputation or opinion testimony, and, in limited circumstances, through proof of specific acts.  FED. R. EVID. 405.[3]  Defendant Melton identifies only one character trait for which he would offer opinion and reputation testimony–that he would not act in an unlawful manner.  If that is the extent of the testimony, then it is admissible.  *See United States v. Hewitt*, 634 F.2d 277, 279 (5th Cir. 1981) (holding that general character as law-abiding citizen is "pertinent").

Dispute exists, however, as to whether Defendant Melton should be permitted to introduce specific instances of conduct to prove good character.  Moreover, Defendant Melton's

---

[2]Rule 404(a) states in relevant part:

Character evidence generally.--Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:  (1) Character of accused.--In a criminal case, evidence of a *pertinent trait of character offered by an accused*, or by the prosecution to rebut the same . . . .  (Emphasis added).

[3]Rule 405 states:

(a) Reputation or opinion. In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.

(b) Specific instances of conduct. In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of that person's conduct.

arguments with respect to specific instances evidence suggests that the character traits he intends

to present go beyond mere proof of lawfulness.  Specifically, he argues that he should be allowed

to inform the jury of specific instances of conduct in furtherance of his efforts to fight crime and

rid the city of  troubled properties.  As such, it appears that Defendant Melton seeks to introduce

evidence related to a general character trait of fighting crime.  The Court finds that Defendant

Melton's arguments lack merit because (1) the purported character trait of fighting crime is not

pertinent in this case; and (2) the specific instances he references are not admissible.

1.      Scope of Pertinent Trait of Character

First as to scope, the proffered trait of fighting crime and removing troubled property

does not demonstrate a trait of character under Rule 404(a) that is pertinent to any charged

offense.  *See Hewitt*, 634 F.2d 277, 279 (5th Cir. 1981) (defining "pertinent" as "relevant").  The

essential elements of the core offense are satisfied when "a person (1) acting under color of law;

(2) willfully subjects any person to the deprivation of any rights, privileges, or immunities

secured or protected by the Constitution or laws of the United States."  *United States v. Daniels*,

281 F.3d 168, 178-79 (5th Cir. 2002) (citing 18 U.S.C. § 242).  The constitutional right at issue is

the Fourth Amendment right to be free from unlawful search and seizure.  Evidence that

Defendant Melton had a reputation for fighting crime or removing dilapidated property is simply

irrelevant to whether he willfully deprived these individuals of their Fourth Amendment rights in

this instance.  The evidence is not therefore related to a pertinent trait of character under Rule

404(a) and is otherwise irrelevant and inadmissible.

Second, the evidence is aimed at inducing jury nullification.  Nullification occurs when a

jury acquits for a reason other than the facts and the law.  The Fifth Circuit Court of Appeals has

"categorically reject[ed] the idea that . . . jury nullification is desirable or that courts may permit it to occur when it is within their authority to prevent [it]." *United States v. Thompson*, No. 99-41007, 2001 WL 498430, at *16 (5th Cir. Apr. 9, 2001) (unpublished) (citing *United States v. Thompson*, 116 F.3d 606, 614 (2d Cir. 1997)). Accordingly, "[a] trial judge . . . may block defense attorneys' attempts to serenade a jury with the siren song of nullification . . . ." *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993) (cited in *Thompson*, 2001 WL 498430, at *16). Several federal circuits have upheld exclusion of evidence offered to support a nullification argument. *See, e.g.*, *United States v. Funches*, 135 F.3d 1405, 1409 (11th Cir. 1998) (observing that a potential nullification argument "is no basis for admitting otherwise irrelevant evidence").

Here, Defendant Melton's submissions clearly indicate a desire to present a nullification defense. The law does not permit it, and accordingly the proffered evidence is neither relevant nor admissible. FED. R. EVID. 401, 402. For this same reason, the potential for unfair prejudice and confusion of the issues significantly outweighs the probative value, if any, of the evidence. It is therefore excluded under Rule 403.[4]

## 2.     Specific Acts

The next issue is whether specific instances of conduct are admissible. Proof of an accused's trait of character is generally limited to reputation or opinion evidence. FED. R. EVID. 405(a) (limiting specific instances evidence to cross-examination). However, there are circumstances where relevant specific instances of conduct may be introduced. Defendant

---

[4]The Court will further address the nullification issue as it relates to the pending motions set for hearing on November 10, 2008.

Melton fails to establish any of those circumstances.

Defendant Melton first claims that specific instances of conduct should be admissible under Rule 405(b) to demonstrate lack of criminal intent and/or his state of mind.  The rule states:  "In cases *in which character* or a trait of character of a person is an *essential element of a charge, claim, or defense,* proof may also be made of specific instances of that person's conduct." FED. R. EVID. 405(b) (emphasis added).  Aside from the fact that the proffered character trait is not an essential element or defense, the Fifth Circuit Court of Appeals has squarely rejected the contention that lack of criminal intent may be demonstrated through specific acts evidence.  In *United States v. Marrero*, the defendant wanted to prove lack of intent by introducing evidence of specific instances when she followed the law under similar circumstances.  904 F.2d 251, 260 (5th Cir. 1990).  The court rejected the argument stating that "such a tactic is not only disfavored, it is not permitted under Rule 405(b)."  *Id.*; *see also United States v. Gully*, 526 F.3d 809, 818 (5th Cir. 2008) (observing that "Rule 405(b) thus limits the use of specific prior acts to cases where character is at issue 'in the strict sense' because that method of proof 'possess[es] the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time'"); *United States v. Rios*, 180 F.3d 262 (5th Cir. 1999) (affirming the exclusion of a defendant's military record as not falling under Rule 405(b)).  Defendant Melton's only authority on this point, *United States v. Webster*, is an entrapment case that addresses a different issue and does not support his contention.  649 F.2d 346 (5th Cir. 1981).

Finally, Defendant Melton attempts to couch this evidence under Rule 406, which allows evidence of a person's habit or routine practice in order to show conduct in conformity therewith. The proffered specific acts are not the type of conduct Rule 406 was created to address.  *See, e.g.,*

*Leonard v. Nationwide Mut. Ins. Co.*, 499 F.3d 419 (5th Cir. 2007).  Plus, even if Defendant

Melton has a habit or routine of tearing down property as he suggests, the habit or routine must

be otherwise admissible.  In other words, he is not entitled to show routine for the sake of

showing routine; the routine must be probative of an issue properly before the court.  Here, the

proffered routine or habit is probative of nothing except an improper jury nullification argument.

Absent probative value, the evidence is not admissible pursuant to Rule 402.  Further, the risk of

unfair prejudice and confusion substantially outweighs the probative value of the evidence, if

any.  FED. R. EVID. 401, 402, 403.

      B.     <u>State Court Acquittal</u>

      Defendant wishes to inform the jury that he was acquitted in state court for charges

arising out of this same incident.  However, the Fifth Circuit Court of Appeals faced this precise

question in *United States v. Kerley*, and held that the jury should not hear the evidence.  643 F.2d

299, 300-01 (5th Cir. 1981).  As the court noted, evidence of a prior acquittal is "not relevant

because it does not prove innocence but rather merely indicates that the prior prosecution failed

to meet its burden of proving beyond a reasonable doubt at least one element of the crime."  *Id.*;

*see also United States v. Posada-Rios*, 158 F.3d 832, 862 n. 13 (5th Cir.1998) (accord).  In

*United States v. De La Rosa*, the court further noted that "a judgment of acquittal is hearsay not

otherwise exempt from the operation of the hearsay rule."  171 F.3d 215, 219 (5th Cir. 1999)

(citations and quotations omitted).  *De La Rosa* also observed that "[o]ther circuits

overwhelmingly agree that, for all the reasons enumerated, evidence of prior acquittals are

generally inadmissible."  *Id.*  For the reasons stated in these cases, the proffered evidence is

neither relevant nor admissible, and any reference to this evidence would create a risk of

prejudice and confusion that would substantially outweigh the evidence's probative value, if any. FED. R. EVID. 401, 402, 403.[5]

Although Defendant Melton's primary arguments lack merit, he raised one issue that requires attention.  Defendant Melton has a prior conviction that is not related to this event. Accordingly, to the extent the Government wishes to cross-examine Defendant Melton on his prior convictions, it must clearly inform the jury as to the specific charges to avoid the risk that a juror might wrongfully conclude that he was convicted in state court for the charges stemming from this event.

### III.    Conclusion

IT IS HEREBY ORDERED that the Government's Motion In Limine to Exclude Evidence of Defendants' Good Conduct [56] is granted, except to the extent that Defendant Melton intends to offer opinion and reputation testimony of his general character as a law-abiding citizen.

IT IS FURTHER ORDERED that the Government's Motion In Limine to Exclude Reference to Defendants' State Court Acquittal [57] is granted.

**SO ORDERED AND ADJUDGED** this the 4th day of November, 2008.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[5]Defendant Melton's only authority in opposition to this motion is an easily distinguishable opinion from the Supreme Court of Alaska.  *Hess v. State of Alaska*, 20 P.3d 1121 (2001).