IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA

V.  CRIMINAL NO. 3:08cr107-DPJ-LRA

FRANK E. MELTON
MICHAEL RECIO

**ORDER**

This criminal action is before the Court on Defendants' Motion for Reconsideration [179] of the Court's March 10, 2009 Order [178] holding that the jury for the re-trial of this matter will be called from the Southern Division of the Southern District of Mississippi. The Court has fully considered the parties' submissions and the applicable authority and finds that Defendants' motion should be GRANTED.

**I.  Background**

On the night of August 26, 2006, Defendant Frank E. Melton allegedly helped destroy, and directed others to destroy, a residence in Jackson, Mississippi without a warrant and without legal process. The indictment claims that Defendant Michael Recio, a member of the Jackson Police Department participated in the conspiracy and stood guard during the destruction. Because Mr. Melton is the sitting mayor of the state capital, the federal charges generated substantial media coverage, prompting the Court to call a jury from the entire district. Ninety-five citizens reported for jury selection, which took approximately one week. Twelve jurors and three alternates were ultimately seated. The case ended with a hung jury.

Following the mistrial, the Court was concerned that media coverage before and during the trial had tainted the pool of potential jurors and therefore discussed options with the parties

during a telephonic conference. The Court then asked the parties to file responses to the proposals that were discussed during that call, including the following: 1) transfer for trial in another division within the Southern District; 2) trial in Jackson before a jury called from another division; and 3) the use of more specific jury questionnaires to identify disqualifying bias. Defendants urged the Court to call the jury from the Western Division but offered neither argument nor record evidence supporting the position. The Government sought trial in the Southern Division and attached record evidence demonstrating that the Jackson media outlets enjoy less coverage in the Southern Division than elsewhere within the Southern District. Based on the parties' responses, the Court decided to call the jury from the Southern Division but to conduct the trial in Jackson, Mississippi. In addition, the Court ordered the use of a more specific questionnaire. Defendant Melton has now moved for reconsideration, and Defendant Recio has joined in the motion.

## II. Analysis

The vast majority of Defendants' submissions ask the Court to do that which it may not–move the trial to increase the percentage of African American jurors. "[A]n attempt to influence the racial balance of the jury by setting a case in a particular division" is neither appropriate nor acceptable. *See United States v. McKinney*, 53 F.3d 664, 673 (5th Cir. 1995); *see also United States v. Wheeler*, 79 F. App'x 656, 660 (5th Cir. 2003) (holding that a "division's higher population of African-American residents should not influence the transfer decision"). Accordingly, the Court will not address that portion of Defendants' motion.

Although the bulk of their motion was legally deficient, Defendants did argue that "[t]he government has produced no evidence to rebut the presumption that an impartial venire can be . .

. drawn, and an impartial petit jury selected, from the entire 45 county Southern District." Motion for Reconsideration [179] at 2. To be fair, the Government did produce evidence reflecting the reach of the Jackson media, and it also referred to the jury questionnaire responses from the first trial. However, the scope of media coverage and actual taint can be two different things. Thus, the Court now considers whether the record is sufficient to justify a *sua sponte* decision to draw the jury entirely from a single division.

"[A] district court judge has 'broad discretion in determining whether transfer [within a judicial district] is warranted.'" *United States v. Weddell*, 800 F.2d 1404, 1406 (5th Cir. 1986) (affirming *sua sponte* intra-district transfer) (citing *United States v. Alvarado*, 647 F.2d 537, 539 (5th Cir. 1981)). The decision to transfer jury selection to the Southern Division may fall within the Court's discretion, but there are no cases from within this circuit, or that have been cited by the parties, addressing the precise posture of this case. In cases such as *Weddell*, the courts moved trials from one division to another within a district. The issue before the Court is whether to whittle the pool down from an entire district to an individual division within that district.

The Court was convinced by the Government's submissions that drawing a jury entirely from the Southern Division would be easier than pulling a district-wide jury. However, the Court cannot say that the district as a whole is tainted because it does include the Southern Division and pockets within the other divisions for which media coverage has been less intense. Accordingly, based on the current record and set of circumstances, the decision to pull from the Southern Division really becomes one of convenience, which is not a proper consideration.

Federal Rule of Criminal Procedure 18 states that the "court shall fix the place of trial within the district with due regard to the convenience of the defendant and the witnesses and the

3

prompt administration of justice." The "prompt administration of justice" does not extend to the Court's convenience in picking a jury. In *United States v. Lipscomb*, the trial court noted substantial pre-trial publicity and remarked that picking a jury would be "no easy task." 299 F.3d 303, 342 (5th Cir. 2002). The Fifth Circuit reversed, noting, *inter alia*, that the concern for "prompt administration of justice" found in Rule 18 was not adopted "with the intention of permitting courts to avoid even attempting arduous voir dire proceedings." *Id.* The court further stated that it was "somewhat troubled by the implication in this remark [regarding the ease of picking a jury] that, foreseeing a lengthy jury-selection process in Dallas, the court may have become concerned for its own convenience." *Id.*[1]

While the Court is certainly aware of the increased media attention since the first federal trial began, it must note that a jury was selected from the ninety-five members of the original venire, and the Court has made changes to the jury selection process to account for the increased coverage. In particular, the parties have agreed to the use of a jury questionnaire to pre-screen the pool for bias. *See, e.g., United States v. Quinones*, 511 F.3d 289, 300 (2nd Cir. 2007) ("The use of such a procedure as a preliminary screening tool falls well within the district court's broad discretion in conducting voir dire") (citations omitted). In addition, the Court intends to send the questionnaires to a substantially larger group of potential jurors. These two measures will at once broaden the net and cull out those who would be inappropriate for this jury. Given these measures and vigorous voir dire, the Court concludes that it can seat a jury from the Southern District of Mississippi and that it should not *sua sponte* transfer jury selection over Defendants'

---

[1]*Lipscomb* is distinguishable in that the trial court transferred the case before the first trial and thus never tested the original pool. It is cited herein for the ruling that convenience of the Court is not a proper consideration under Rule 18.

objections.  Finally, because the Court will draw the jury from the full district, it will reverse the decision to conduct voir dire in Gulfport, Mississippi.  However, the Court may ultimately set jury selection for a different location depending on the makeup of the venire that remains after the questionnaires are reviewed and challenges are considered.

IT IS, THEREFORE, ORDERED that Defendants' motion for reconsideration is granted. The jury will be selected from a district-wide pool.

IT IS FURTHER ORDERED, that the parties shall contact Courtroom Deputy Ann Nelson to set a telephonic conference call to be conducted April 1, 2009 to discuss 1) the Government's requested questions; 2) the mechanism for exercising challenges for cause based on the questionnaire results; and 3) the schedule for exercising paper challenges.

**SO ORDERED AND ADJUDGED** this the 31th day of March, 2009.

s/ *Daniel P. Jordan III*<br>UNITED STATES DISTRICT JUDGE